UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS DE'MON LAKE, | No. 2:23-cv-1311 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Before the court is defendants' motion to stay these proceedings pending the resolution of plaintiff's criminal case. ECF No. 21.

I.   Plaintiff's Allegations

This case proceeds on the original complaint,[1] which was screened and found to state cognizable claims against defendants Green, Landreth, and Rowe. ECF Nos. 1, 10, 14. Plaintiff alleges that Green, Landreth, and Rowe used excessive force against him during an incident where they punched him, placed him in a chokehold, kicked him in the face, and kneed him. ECF No. 1 at 3, 5. Plaintiff later indicated that the incident occurred on July 7, 2022. ECF No. 11 at 1-2.

---

[1] Plaintiff's request for voluntary dismissal of defendant Covello was incorrectly docketed as an amended complaint. ECF No. 11.

1

II. Motion to Stay

Defendants seek a stay of these proceedings pending plaintiff's prosecution for felony battery by a prisoner on a non-prisoner.[2] ECF No. 21. They assert that plaintiff was charged in Amador County Superior Court, criminal case number 23-cr-3303, for battering defendant Rowe on July 7, 2022, during the incident on which plaintiff's claims are based. Id. at 4. When the motion to stay was filed on December 27, 2023, plaintiff's criminal case was awaiting arraignment on January 26, 2024.[3] Id. Relying on Wallace v. Kato, 549 U.S. 384 (2007), defendants argue in a conclusory fashion that a stay is appropriate because this action challenges ongoing criminal proceedings that overlap with the instant case and present a potential bar to plaintiff's claims under Heck v. Humphrey, 512 U.S. 477 (1994), if plaintiff is convicted. Id. at 3-4.

Plaintiff opposes the motion and argues that the charges against him are false and being used to cover up defendants' assault. ECF No. 23.

III. Analysis

Defendants argue, without elaboration, that they would be unable to adequately respond to plaintiff's complaint due to the overlapping nature of his civil and criminal cases. ECF No. 21 at 3-4. However, though defendants request in their motion that the deadline to respond to the complaint also be stayed (id.), they never filed a motion to extend the deadline pending a decision on the motion to stay and subsequently filed an answer to plaintiff's complaint on January 16, 2024 (ECF No. 24), prior to the completion of briefing on the motion to stay. Defendants' assertion the case should be stayed due to their inability to respond to plaintiff's complaint is therefore moot.

Defendants' argument that this case should be stayed because of the pending criminal proceedings also appears to be moot. Review of the Amador County Superior Court's docket in

---

[2] Although defendants state that plaintiff was charged with battery on a peace officer (ECF No. 21 at 4), the attached criminal complaint states that plaintiff was charged with battery on a non-confined person by a prisoner (id. at 9).
[3] Defendants later provided a status report stating the arraignment had been continued to February 9, 2024. ECF No. 31.

case number 23-cr-3303 shows that on February 9, 2024, plaintiff pled no contest to battery on a non-prisoner by a prisoner in violation of Penal Code § 4501.5, and was sentenced to two years in prison.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citations omitted)); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  "'Final judgment in a criminal case means sentence.  The sentence is the judgment'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)), and the time for filing an appeal of a criminal conviction is sixty days, Cal. R. Ct. 8.308(a).  The court can find no indication that plaintiff has appealed his conviction and it therefore appears that plaintiff's criminal proceedings have concluded.

Even if plaintiff has filed an appeal, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings," Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted), and "[w]here trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, courts are generally more reluctant to stay parallel civil proceedings," Doe v. City of San Diego, No. 12-cv-0689 MMA DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012) (citations omitted). Moreover, in considering whether to stay a case, the court

> should consider "the extent to which the [criminal] defendant's fifth amendment rights are implicated."  [Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 889, 902 (9th Cir. 1989).  In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  Id. at 903.

Keating, 45 F.3d at 324-25.  Defendants have not addressed any of these factors.  See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its

3

1   need." (citation omitted)).

2   Finally, defendants' reliance on Wallace for the proposition that a civil case should be stayed where there is potential for a plaintiff's claim to be barred by Heck if he is convicted in his criminal proceedings is unavailing. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487). "In evaluating whether claims are barred by Heck, an important touchstone is whether plaintiff's § 1983 claim could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6).

Defendants argue that plaintiff was charged with battery on a peace officer. ECF No. 21 at 4. However, plaintiff was charged with—and appears to have pled no contest to—battery by a prisoner on a non-confined person in violation of Penal Code § 4501.5. Id. at 9. Battery on a peace officer requires that the officer be "in the performance of their duties," Cal. Penal Code § 243(b)-(c), which requires as an element of the offense "that the officer was acting lawfully at the time the offense was committed," People v. Cruz, 44 Cal. 4th 636, 673 (2008) (citation omitted). "[A]n officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties." Lemos v. County of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) (citations omitted). On the other hand, Penal Code § 4501.5 contains no provision that the person battered be acting lawfully. See Cal. Penal Code § 4501.5 ("Every person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony.").

Absent a requirement that defendants were acting lawfully, it is not obvious from defendants' motion that plaintiff's conviction and claim of excessive force would potentially be mutually exclusive, particularly if defendants' use of force followed the battery. See Guy v. City of San Diego, 608 F.3d 582, 589 (9th Cir. 2010) ("[E]ven when police officers reasonably must take forceful actions in response to an incident, and even when such forceful actions are

permissible at first, if the officers go too far by unnecessarily inflicting force and pain after a person is subdued, then the force, unnecessary in part of the action, can still be considered excessive.").

IV. Conclusion

For the reasons set forth above, defendants have not met their burden in demonstrating that a stay is warranted and the motion to stay the case will be denied. Since defendants have already answered the complaint, the court will set a schedule for discovery and pretrial motions by separate order.

In accordance with the above, IT IS HEREBY ORDERED that defendants' motion to stay (ECF No. 21) is DENIED.

DATED: April 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE